## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS SCARANTINO, Individually and On Behalf of All Others Similarly Situated, 500 N. Main Street Pittston, PA 18640<br><br>Plaintiff,<br><br>v.<br><br>DUPONT FABROS TECHNOLOGY, INC., 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>DUPONT FABROS TECHNOLOGY, L.P., 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>LAMMOTT J. DUPONT, 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>MICHAEL A. COKE, 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>THOMAS D. ECKERT, 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>FREDERIC V. MALEK, 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>JOHN T. ROBERTS, JR., 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>JOHN H. TOOLE, 401 9th Street NW, Suite 600 Washington, D.C. 20004<br><br>CHRISTOPHER P. ELDREDGE, 401 9th Street NW, Suite 600 Washington, D.C. 20004 | Case No. _____<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

MARY M. STYER,                                    )
401 9th Street NW, Suite 600                      )
Washington, D.C. 20004                            )
                                                  )
DIGITAL REALTY TRUST, INC.,                       )
Four Embarcadero Center, Suite 3200               )
San Francisco, CA 94111                           )
                                                  )
DIGITAL REALTY TRUST, L.P.,                       )
Four Embarcadero Center, Suite 3200               )
San Francisco, CA 94111                           )
                                                  )
PENGUINS REIT SUB, LLC,                           )
Four Embarcadero Center, Suite 3200               )
San Francisco, CA 94111                           )
                                                  )
PENGUINS OP SUB, LLC, and                         )
Four Embarcadero Center, Suite 3200               )
San Francisco, CA 94111                           )
                                                  )
PENGUINS OP SUB 2, LLC,                           )
Four Embarcadero Center, Suite 3200               )
San Francisco, CA 94111                           )
                                                  )
                    Defendants.                   )

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on June 9, 2017 (the "Proposed Transaction"), pursuant to which DuPont Fabros Technology, Inc. ("DFT") and DuPont Fabros Technology, L.P. ("DFT OP") (collectively, "DuPont" or the "Company") will be acquired by Digital Realty Trust, Inc. ("Parent") and its direct and indirect subsidiaries, Penguins REIT Sub, LLC, Digital Realty Trust, L.P., Penguins OP Sub 2, LLC, and Penguins

OP Sub, LLC (collectively with Parent, "Digital Realty").

2.      On June 8, 2017, DuPont's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Digital Realty.  Pursuant to the terms of the Merger Agreement, (i) each share of DFT common stock will convert into the right to receive 0.545 shares of Parent common stock and (ii) each share of 6.625% DFT Series C preferred stock will convert into the right to receive one share of a newly designated class of preferred stock of Parent with substantially similar rights, privileges, and preferences as the DFT Series C preferred stock.

3.      On July 10, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of DuPont common stock.

9.     Defendant DFT is a Maryland corporation and maintains its principal executive office at 401 9th Street NW, Suite 600, Washington, D.C. 20004.   DFT is a real estate investment trust ("REIT") that owns, acquires, develops and operates wholesale data centers. DFT is the sole general partner of DFT OP, and, as of December 31, 2016, DFT owned 84.9% of the common economic interest in DFT OP.   As the sole general partner of DFT OP, DFT has exclusive control of DFT OP's day-to-day management.   The Company's common stock is traded on the NYSE under the ticker symbol "DFT."

10.     Defendant DFT OP is a Maryland limited partnership and maintains its principal executive office at 401 9th Street NW, Suite 600, Washington, D.C. 20004.

11.     Defendant Lammot J. du Pont ("du Pont") is a co-founder of the Company and has served as a director and as Chairman of the Board since 2007.

12.     Defendant Michael A. Coke ("Coke") is a director of the Company.   Coke is Chair of the Audit Committee and a member of the Compensation Committee.

13.     Defendant Thomas D. Eckert ("Eckert") is a director of the Company.   Eckert is Chair of the Compensation Committee and a member of the Audit Committee.

14.     Defendant Frederic V. Malek ("Malek") is a director of the Company.   Malek is Chair of the Nominating & Corporate Governance Committee and is a member of the Compensation Committee.

15.     Defendant John T. Roberts, Jr. ("Roberts") has served as a director of the Company since February 2011.  Roberts is a member of the Audit Committee and of the Nominating & Corporate Governance Committee.

16.     Defendant John H. Toole ("Toole") is a director of the Company.  Toole is a member of the Nominating & Corporate Governance Committee.

17.     Defendant Christopher P. Eldredge ("Eldredge") is President, Chief Executive Officer ("CEO"), and a director of the Company.

18.     Defendant Mary M. Styer ("Styer") is a director of the Company.  Styer is a member of the Compensation Committee.

19.     The defendants identified in paragraphs 11 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Parent is a Maryland corporation and a party to the Merger Agreement.

21.     Defendant Penguins REIT Sub, LLC, a wholly owned subsidiary of Parent, is a Maryland corporation and a party to the Merger Agreement.

22.     Defendant Digital Realty Trust, L.P., a subsidiary of Parent, is a Maryland limited partnership and a party to the Merger Agreement.

23.     Defendant Penguins OP Sub 2, LLC, a wholly owned subsidiary of Digital Realty Trust, L.P., is a Maryland limited liability company and a party to the Merger Agreement.

24.     Defendant Penguins OP Sub, LLC, a subsidiary of Realty Trust, L.P. and Penguins OP Sub 2, LLC, is a Maryland limited liability company and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action on behalf of himself and the other

public stockholders of DuPont (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

26.     This action is properly maintainable as a class action.

27.     The Class is so numerous that joinder of all members is impracticable.  At the close of business on June 6, 2017, there were approximately 77,836,110 shares of DFT common stock issued and outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28.     Questions of law and fact are common to the Class, including, among others, (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31.     Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

32.     DFT is a REIT that owns, acquires, develops and operates wholesale data centers through its operating partnership, DFT OP.  DFT is the sole general partner of DFT OP, and, as of December 31, 2016, DFT owned 84.9% of the common economic interest in DFT OP.  As the sole general partner of DFT OP, DFT has exclusive control of DFT OP's day-to-day management.

33.     DuPont designs and operates innovative, multi-tenant, wholesale data centers, and creates solutions with its customers that free them to focus on their core businesses.  The Company's facilities are designed to offer highly specialized, efficient, and safe computing environments in a low-cost operating model.  DuPont's customers include national and international enterprises across numerous industries, including technology, Internet, content providers, cloud providers, media, communications, healthcare, and financial services.

34.     The Company operates 12 data centers in three major U.S. markets and Canada, which total 3.5 million gross square feet and 302 megawatts of available critical load.  The Company powers, cools, and protects the servers and IT assets of customers who outsource their mission- and business-critical applications.  For the year ended December 31, 2016, DuPont generated $528.7 million of total revenues, net income of $181.4 million, and cash provided by operating activities of $290.0 million.  As of December 31, 2016, DuPont had total assets of $3.0 billion.

35.     On April 27, 2017, DuPont issued a press release announcing its results for the quarter ended March 31, 2017.  In that press release, the Company reported, among other things, earnings were $0.45 per share, which was a 25% increase over the first quarter of 2016. Additionally, revenues were $139.5 million, an increase of 12%, or $15.3 million, over the first quarter of 2016.   The increase in revenues was primarily due to new leases commencing. Normalized FFO for the quarter ended March 31, 2017 was $0.77 per share compared to $0.67 per share for the first quarter of 2016.  Normalized Funds from Operations ("FFO") increased $0.10 per share, or 15%, from the prior year first quarter.

36.     Despite these impressive financial results, the Board caused the Company to enter into the Merger Agreement, pursuant to which DuPont will be acquired for inadequate consideration.

37.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

38.     Further, the Company must promptly advise Digital Realty of any proposals or inquiries received from other parties.

39.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Digital Realty a "matching right" with respect to any "Superior Proposal" made to the Company.

40.     Further locking up control of the Company in favor of Digital Realty, the Merger Agreement provides for a "termination fee" payable by the Company to Digital Realty if the Individual Defendants cause the Company to terminate the Merger Agreement.

41.     By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

42.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

43.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

44.     The Registration Statement omits material information regarding DuPont's financial projections and the financial analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"), in support of its so-called fairness opinion.

45.     For example, in support of its fairness opinion, Goldman Sachs performed an Illustrative Levered Discounted Cash Flow ("DCF") Analysis for each of DuPont, the pro forma combined company, and for Parent that relied on long-term projections for all three of the entities.  The Registration Statement, however, fails to disclose certain projections of DuPont and Parent that were used in Goldman Sachs' valuation analyses, and it *completely* fails to disclose *any* financial projections of the pro forma combined company.

46.     Indeed, the Registration Statement indicates that, in performing its valuation analyses, Goldman Sachs reviewed, among other things:

> certain internal financial analyses and forecasts for DFT prepared by its management, and for DLR on a stand-alone basis prepared by its management,

and certain financial analyses and forecasts for DLR on a pro forma basis for the transaction contemplated by the merger agreement prepared by the management of DFT with respect to the quarter ending June 30, 2017 and prepared by the management of DLR with respect to periods thereafter, in each case, as approved for Goldman Sachs' use by DFT (referred to as the "Forecasts"), including certain operating synergies projected by the management of DLR to result from the transaction contemplated by the merger agreement, as approved for Goldman Sachs' use by DFT (referred to as the "Synergies").

47.     The Registration Statement, however, fails to disclose to stockholders the projections of the pro forma combined company, as well as the synergies that are expected to result from the Proposed Transaction.

48.     Further, the Registration Statement indicates that, in performing its DCF analysis for each of DuPont, the pro forma combined company, and Parent, Goldman Sachs used estimates of dividends for the period from March 31, 2017 through the end of 2021, and derived terminal values by subtracting estimates of net debt and preferred stock as of December 31, 2021.  The Registration Statement, however, fails to disclose the projected dividends and net debt and preferred stock of each of DuPont, the pro forma combined company, and for Parent for years 2017 through 2021.

49.     In addition, although the Registration Statement provides the projections of unlevered free cash flows for each of DuPont and Parent, it fails to disclose the line items used to calculate those unlevered free cash flows.

50.     The Registration Statement also fails to provide stockholders with a reconciliation of all non-GAAP measures to GAAP metrics.

51.     With respect to Goldman Sachs' DCF analysis for each of DuPont, the pro forma combined company, and for Parent, the Registration Statement fails to disclose: (i) the terminal values calculated for each company; (ii) the inputs and assumptions underlying Goldman Sachs' calculations of the cost of equity for each of the companies to derive the ranges of discount rates

used by Goldman Sachs in each of its DCF analyses; and (iii) the perpetuity growth rates implied from each of Goldman Sachs' analyses.

52.      With respect to Goldman Sachs' Selected Transaction Analysis, the Registration Statement fails to disclose the individual multiples for each of the transactions observed by Goldman Sachs in its analysis.

53.      When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

54.      The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following section of the Registration Statement: (i) "Opinion of DFT's Financial Advisor;" (ii) "Certain DLR Unaudited Prospective Financial Information;" and (iii) "Certain DFT Unaudited Prospective Financial Information."

55.      The Registration Statement also omits material information regarding potential conflicts of interest of Goldman Sachs.

56.      For example, the Registration Statement indicates that, "[a]t the request of the DFT Board, in connection with the transaction contemplated by the merger agreement, an affiliate of Goldman Sachs has entered into a commitment to provide DFT OP with a 364-day bridge facility, subject to the terms of such commitment, and pursuant to which one or more affiliates of Goldman Sachs will receive fees." The Registration Statement, however, fails to

disclose the amount of fees that the Goldman Sachs affiliates will earn in connection with the commitment to provide DFT OP with the bridge facility.

57.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

58.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Mergers;" and (ii) "Opinion of DFT's Financial Advisor."

59.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to DFT's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and DuPont

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  DuPont is liable as the issuer of these statements.

62.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

63.     The Individual Defendants were at least negligent in filing the Registration

Statement with these materially false and misleading statements.

64.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

65.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

66.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

67.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

### COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Digital Realty**

68.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69.     The Individual Defendants and Digital Realty acted as controlling persons of DuPont within the meaning of Section 20(a) of the 1934 Act as alleged herein.   By virtue of their positions as officers and/or directors of DuPont and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

70.     Each of the Individual Defendants and Digital Realty was provided with or had

unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

71.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Registration Statement.

72.     Digital Realty also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

73.     By virtue of the foregoing, the Individual Defendants and Digital Realty violated Section 20(a) of the 1934 Act.

74.     As set forth above, the Individual Defendants and Digital Realty had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  July 18, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800

**LEVI & KORSINSKY LLP**

By:  */s/ Donald J. Enright*
       Donald J. Enright (#MD013551)
       Elizabeth K. Tripodi (#979154)
       1101 30th Street NW, Suite 115
       Washington, D.C. 20007
       Telephone: (202) 524-4290
       Facsimile: (202) 333-2121

       *Attorneys for Plaintiff*